IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY TARIQ BROWN, | Civil No. 3:21-cv-1210 |
| Petitioner | (Judge Mariani) |
| v. | |
| SUPERINTENDENT HOUSER, *et al.*, | |
| Respondents | |

## MEMORANDUM

Petitioner Anthony Tariq Brown ("Brown") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of sentence imposed in the Court of Common Pleas of Lackawanna County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will dismiss the petition as untimely.

I.  **Background**

On April 14, 2018, Brown pled guilty to one count of robbery in case number 17-CR-2506 and one count of robbery in case number 17-CR-2698. (Doc. 8-2, Guilty Plea Transcript; *see also Commonwealth v. Brown*, https://ujsportal.pacourts.us, electronic docket number CP-35-CR-0002506-2017). On April 27, 2018, Brown filed a *pro se* motion to withdraw his guilty plea. (Doc. 8-3, Withdrawal of Guilty Plea Transcript). On August 24, 2018, a hearing was held, and the court granted Brown's motion to withdraw his guilty plea in case number 17-CR-2698. (*Id.*). Brown informed the court that he was withdrawing his

request to withdraw his plea in case number 17-CR-2506 and acknowledged that the plea in that case would stand. (*Id.*).

On November 5, 2018, a jury trial was conducted in case number 17-CR-2698, and the jury found Brown not guilty. (*See* Doc. 8-6, p. 2). On November 21, 2018, Brown was sentenced to a term of imprisonment of 8 to 20 years in case number 17-CR-2506. (*See id.*). Brown did not file a direct appeal.

On October 22, 2019, Brown filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (*See* Doc. 8-6, p. 2). Counsel was appointed to represent Brown. (*See id.*). On February 18, 2020, counsel filed a motion to withdraw as counsel and a *Turner-Finley* no merit letter. (*See id.*). On June 23, 2020, the PCRA court granted the motion to withdraw as counsel and issued a notice of intent to dismiss the PCRA petition. (*See id.*). On July 23, 2020, the PCRA court dismissed the petition. (*See id.*). Brown filed an appeal to the Pennsylvania Superior Court. (*See id.*). On February 9, 2021, the Superior Court affirmed the PCRA court's dismissal of the petition. *Commonwealth v. Brown*, 249 A.3d 1137 (Table), 2021 WL 461608 (Pa. Super. Feb. 9, 2021).

On March 16, 2021, Brown filed an untimely petition for allowance of appeal to the Pennsylvania Supreme Court. (Doc. 8-7, Petition for Allowance of Appeal). On June 11, 2021, the Pennsylvania Supreme Court denied the petition for leave to file a petition for

allowance of appeal *nunc pro tunc*. (Doc. 8-8, *Commonwealth v. Brown*, No. 36 MM 2021 (Pa.)).

On June 23, 2021, Brown filed the instant federal habeas petition. (Doc. 1). On August 10, 2021, Respondents filed a response seeking dismissal of the petition as untimely. (Docs. 8, 9). Brown did not file a traverse. Accordingly, the petition is ripe for disposition.

**II.   Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Brown was sentenced on November 21, 2018. No direct appeal was filed. Brown's time for pursuing a direct appeal expired on December 21, 2018, at which time his judgment became final. *See Nara*, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on June 23, 2021, is patently untimely. However, the Court's analysis does not end here; consideration of statutory and equitable tolling, and the actual innocence exception, must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, the statute of limitations began running on December 21, 2018 and, absent any tolling, would expire on or about December 23, 2019. However, pursuant to 28 U.S.C. § 2244(d)(2), when Brown filed his PCRA petition on October 22, 2019, the

4

AEDPA's filing period was statutorily tolled, with 60 days of the one-year filing period remaining. The statute remained tolled until March 11, 2021, after the expiration of the thirty-day time period to file a petition for allowance of appeal with the Pennsylvania Supreme Court. The 60 days remaining in which to file his federal petition expired on May 10, 2021.

During that time, on March 16, 2021, Brown filed an untimely petition for allowance of appeal to the Pennsylvania Supreme Court. (Doc. 8-7, Petition for Allowance of Appeal). On June 11, 2021, the Pennsylvania Supreme Court denied the petition for leave to file a petition for allowance of appeal *nunc pro tunc*. (Doc. 8-8, *Commonwealth v. Brown*, No. 36 MM 2021 (Pa.)). A *nunc pro tunc* petition is not considered "properly filed" and, therefore, does not toll the statute of limitations. *See Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) (stating that "the time during which [petitioner's] *nunc pro tunc* request for allowance of appeal was pending does not toll the statute of limitation."); *see also Douglas v. Horn*, 359 F.3d 257 (3d Cir. 2004). Thus, the untimely petition for allowance of appeal filed on March 16, 2021 did not further toll the statute of limitations.

As a result, absent equitable tolling or the applicability of the actual innocence exception, Brown's habeas corpus petition filed on June 23, 2021, is more than one month late.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong

6

forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Brown presents no evidence to account for the delay in seeking relief in federal court. (*See* Doc. 1, p. 13). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief. Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## C. Actual Innocence

The Supreme Court has held that a convincing claim of actual innocence will overcome section 2254's limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). This requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 394-95 (quoting *Schlup*, 513 U.S. at 329). While a petitioner alleging actual innocence need not prove diligence in order to assert a claim of actual innocence, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* at 399; *see also Schlup*, 513 U.S. at 332 ("The court may consider how the timing of the submission and the likely

7

credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence.]").

Here, Brown does not assert actual innocence to escape the time bar and he makes no reference to any new evidence. Even more compelling is that Brown pled guilty to robbery in case number 17-CR-2506 and admitted under oath that he was guilty of the crime. (Doc. 8-2, Guilty Plea Transcript). Brown cannot now claim actual innocence to invalidate his guilty plea. See, e.g., Woldsmit v. Mooney, 2016 WL 2940449, at *4 (E.D. Pa. Mar. 8, 2016), report and recommendation adopted, 2016 WL 2897412 (E.D. Pa. May 18, 2016) (noting that courts have rejected actual innocence where the petitioner pled guilty to the offense); Williams v. Holland, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014) (rejecting petitioner's actual innocence claims based on McQuiggin where he pled guilty to the offenses). As a result, Brown cannot overcome the time-bar based on the actual innocence exception.

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## IV.  Conclusion

The Court will deny Brown's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely. A separate Order shall issue.

*(signature)*
Robert D. Mariani
United States District Judge

Dated: August __30__, 2021